# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JACQUELYN CARPENTER, | ) CASE NO. 2:21-CV-00568-SSM-CMV |
| | ) |
| Plaintiff, | ) JUDGE SARAH D. MORRISON |
| | ) |
| v. | ) Magistrate Judge Chelsea Vascura |
| | ) |
| SOUTHERN AIRWAYS EXPRESS, | ) |
| ROB MCKINNEY & SUSAN NEFF, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS FOR
## LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendants Southern Airways Express, Rob McKinney, and Susan Neff (collectively, "SAE"), by and through their attorneys, respectfully move this Court to dismiss the claims against them for lack of personal jurisdiction pursuant under Fed. R. Civ. P. 12(b)(2) and improper venue under Fed. R. Civ. P. 12(b)(3).  SAE is not subject to this Court's jurisdiction because it is not a resident of Ohio and none of the conditions required for jurisdiction under Ohio's long-arm statute are present in this case.  Venue is improper under 28 U.S.C. § 1391 because SAE does not reside in Ohio and the events giving rise to the Complaint did not take place in Ohio.

For these reasons, discussed more fully in the attached Memorandum, this case should be dismissed with prejudice or, in the alternative, transferred to a more appropriate, convenient district for SAE.

Respectfully submitted,

*/s/ Pamela S. Krivda*
Pamela S. Krivda (0041133)
pkrivda@taftlaw.com
Rachel Smoot (0092296)
rsmoot@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, OH  43215
Telephone: (614) 221-2838
Facsimile: (614) 221-2007

*Attorneys for Southern Airway Express*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JACQUELYN CARPENTER,** ) | **CASE NO. 2:21-CV-00568-SSM-CMV** |
| ) | |
| **Plaintiff,** ) | **JUDGE SARAH D. MORRISON** |
| ) | |
| v. ) | **Magistrate Judge Chelsea Vascura** |
| ) | |
| **SOUTHERN AIRWAYS EXPRESS,** ) | |
| **ROB MCKINNEY & SUSAN NEFF,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Plaintiff Jacquelyn Carpenter ("Plaintiff") brought this suit in Ohio for no other reason than she happens to reside here. The case has nothing to do with Ohio and was only brought here as a matter of convenience to the Plaintiff and her attorneys. The fact that Plaintiff works remotely for Defendant Southern Airways Express, LLC ("SAE") from her home located in Ohio is not sufficient to give this Court jurisdiction over SAE.

SAE is a Delaware corporation headquartered in Florida. Although Plaintiff lives in Ohio, SAE does not own, lease or maintain any brick–and-mortar facility space in Ohio nor does it operate any flights into or out of Ohio. Most senior management employees are either located in Florida or act at the direction of those employees located in Florida.

A plaintiff may not pick a forum that is convenient for her but unfair to the defendant. This Court lacks personal jurisdiction, and Ohio is an improper venue to for Plaintiff to attempt to resolve her claims against SAE for actions that did not affect Ohio in any way.

**I.  FACTUAL BACKGROUND**

    *A.  Facts Offered by Plaintiff*

Plaintiff filed her Complaint in the Southern District of Ohio, alleging claims of hostile work environment on the basis of alleged disability, disability discrimination, failure to accommodate under O.R.C. § 4112.01 *et seq.*, retaliation in violation of the Family and Medical Leave Act, and retaliatory discrimination. Plaintiff claims that, as a result of a flare-up of her Crohn's disease, she was unable to work (Compl. ¶¶ 24, 28-33). According to Plaintiff, one of SAE's Human Resources ("HR") Representatives called Plaintiff's physician to confirm Plaintiff's illness, and upon not receiving confirmation, the HR Representative purportedly became aggressive, causing Plaintiff to make a complaint to HR. (*Id.* ¶ 35-39.) Plaintiff had several more conversations with SAE employees related to her employment and her application for Medicaid (*id.* ¶¶ 41-58) and was "written up" for insubordination in July 2019 (*id.* ¶ 60).

According to Plaintiff, "[i]t was clear to Carpenter that McKinney and Neff were targeting her because of her medical issues and repeated leave from work due to her Crohn's Disease." (Compl. ¶ 68.) Plaintiff reported the alleged harassment to HR. (*Id.* ¶ 70.) Plaintiff further alleges that she was subsequently prevented from returning to her position as a Customer Service Representative in the Call Center and that she did not resign from her position. (*Id.* ¶¶ 74-96.)

The Complaint does not allege that the Court has personal jurisdiction over SAE and only broadly alleges that venue is proper in this Court. It only makes a generalized statement that "[t]he events that give rise to the claims for relief in this Complaint occurred at Plaintiff's address . . . and at other Southern Airways locations." (Compl. ¶ 15.) Plaintiff offers nothing in support of these conclusory statements.

### B. *Facts Offered by SAE*

Because the Complaint contains no facts relating to jurisdiction, SAE offers the Declaration of Bruce Jacobs (attached as Exhibit A) to aid the Court's analysis. SAE is a Delaware limited

4

liability company, and Florida is its principal place of business. (Decl. of Bruce A. Jacobs ¶ 2.) Although SAE provides limited flight routes in primarily the Mid-Atlantic, New England, and Gulf regions of the United States, its headquarters for all its operations is in Florida as are many of its executives and decision makers. (*Id.* ¶¶ 3-4.) In contrast, all Call Center employees are "virtual" employees, working remotely from their own homes wherever they happen to live. (*Id.* ¶ 6; Ex. B.) All Plaintiff's contacts with SAE, as alleged in the Complaint, were virtual. (Decl. of Bruce A. Jacobs ¶¶ 4, 6.) Her services were provided for use by SAE at its corporate headquarters in Florida. (*Id.* ¶ 6.) Notwithstanding Plaintiff's allegation to the contrary, she could not have provided any services to any SAE Ohio location because there are none. (*Id.* ¶¶ 7-8.) Further, Plaintiff did not receive SAE administrative and/or disciplinary action in Ohio, because SAE does not have an Ohio brick-and-mortar location and maintains no operations here. (*Id.*) Instead, Plaintiff alleges that the claimed "hostile work environment" happened over the phone and through email, as did the purported discrimination and retaliatory actions. (*Id.*)

The Complaint has no allegations that contradict these facts such that dismissal for lack of personal jurisdiction and improper venue would be appropriate.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER SAE

The Court lacks personal jurisdiction over a defendant unless it is permitted by Ohio's long-arm statute, Ohio Revised Code § 2307.382 and satisfies due process requirements. *Reynolds v. Int'l Amateur Ath. Fed.*, 23 F.3d 1110, 1115 (6th Cir. 1994). "The plaintiff bears the burden of establishing that personal jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citations omitted).

### A. *The Complaint does not allege personal jurisdiction.*

Construing the Complaint in the most favorable light, Plaintiff has failed to show that the

5

Court has personal jurisdiction over SAE. Plaintiff did not plead any facts to support jurisdiction or venue in Ohio. The Complaint states only that SAE "is a foreign-incorporated, for-profit company from the state of Florida that conducts business within the state of Ohio." (Compl. ¶ 2.) She does not allege that any of SAE's actions related to this case occurred in Ohio or were directed toward Ohio. The Court can easily stop reading here and dismiss for lack of personal jurisdiction on the face of the Complaint because the Complaint offers no facts in support of personal jurisdiction.

### B. There is no personal jurisdiction under any exceptions enumerated in the Ohio long-arm statute.

Even further analysis reaches the same conclusion. Ohio's long-arm statute lists nine circumstances that allow the Court to exercise personal jurisdiction over SAE but, of those nine, only two circumstances may be applicable here. The Court "may exercise personal jurisdiction over a person who acts . . . as to a cause of action arising from the person's: (1) Transacting any business in the state; . . . (3) Causing tortious injury by an act or omission in this state." Ohio Rev. Code § 2307.382(A). When jurisdiction is based on Ohio's long-arm statute, "only a cause of action arising from acts enumerated in this section may be asserted against him." Ohio Rev. Code § 2307.382(C). This Court has explained that "Ohio does not recognize general jurisdiction over nonresidents." *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492, at *3 (S.D. Ohio Jun. 13, 2007); *Clendenning v. NewPage Corp.*, No. 3:09-cv-493, 2010 WL 3991949, at *8 (S.D. Ohio Oct. 12, 2010). *Accord Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 432, 2006 WL 2440849, at *7 (6th Cir. 2006) (citing Ohio Rev. Code § 2307.382(C) and explaining that other Ohio contacts unrelated to the cause of action cannot support jurisdiction).

While Plaintiff alleges that SAE purportedly conducts business in the state of Ohio

6

and, thus, assumedly may fall under the "transacting business" circumstance, Plaintiff also alleges the "events that give rise to the claims for relief in this Complaint occurred at Plaintiff's address, thereby implicating the tortious injury circumstance. SAE will address each circumstance in turn.

> 1. *Plaintiff's remote employment is not "transacting business" under Ohio's long-arm statute.*

The mere fact that Plaintiff is a remote employee of SAE who happens to live in Ohio for her own reasons and convenience is not "transacting business" within the meaning of the statute. "The Ohio Supreme Court has noted that the word 'transact' means 'to carry on business,' and 'to have dealings,' and it is broader than the word 'contract.' Moreover, 'a person transacts business in Ohio if the business operations set in motion by the defendant have a realistic impact on Ohio commerce.'" *State ex rel. Atty. Gen. v. Grand Tobacco*, 171 Ohio App.3d 551, 558 (10th Dist. 2007). Here, it is pure happenstance that Plaintiff lives in Ohio and worked for SAE. SAE hires employees from all over the country to staff its Customer Service Call Center. (Decl. of Bruce A. Jacobs ¶ 6; *see also* Ex. B.) SAE does not direct its business to Ohio and, indeed, does not even offer its services in Ohio. (Decl. of Bruce A. Jacobs ¶¶ 7-8.)

This case is identical to any number of cases in which the only real connection to Ohio is the location of the plaintiff. In this situation, the Sixth Circuit has been clear that the Court lacks personal jurisdiction and must dismiss the action. *See, e.g.*, *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 2006 WL 2440849 (6th Cir. 2006); *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000); *Kerry Steel Inc. v. Paragon Industries, Inc.,* 106 F.3d 147 (6th Cir. 1997); *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1305 (6th Cir. 1989).

> 2. *Plaintiff's purported injury did not occur in Ohio.*

SAE does not have a physical location in the state of Ohio nor does it provide any flights to or from Ohio. (Decl. of Bruce A. Jacobs ¶¶ 4, 7-8) All actions identified in Plaintiff's Complaint

7

took place outside of Ohio. (*Id.* ¶¶ 4, 6.) The fact that Plaintiff was allegedly retaliated and/or discriminated against in Ohio is, again, a matter of happenstance. Beyond Plaintiff's Steubenville, Ohio address, SAE would not have reasonably expected to injure in Ohio. *Maui Toys v. Brown*, No. 12 MA 172, 2014 WL 644699, *10 ("R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) permit a court to exercise personal jurisdiction over a nonresident defendant and to provide for service of process to effectuate that jurisdiction *if* the cause of action arises from a tortious act committed, directly or by an agent, outside Ohio, with the purpose of injuring persons, when the nonresident defendant might reasonably have expected that some person would be injured thereby in Ohio."). Therefore, an alleged tortious injury is an inapplicable circumstance for Plaintiff to invoke the long arm statute.

      **C.**    ***Even if Plaintiff could meet the requirements of the long-arm statute, jurisdiction over SAE would violate Due Process.***

A nonresident defendant is not subject to personal jurisdiction in Ohio unless it has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The Sixth Circuit holds that Due Process is satisfied *only* when the following circumstances are met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff makes no allegation suggesting that SAE purposefully availed itself of Ohio's laws. Plaintiff is only an "Ohio employee" by virtue of her self-selected residence. (Decl. of

8

Bruce A. Jacobs ¶ 6.) *All* SAE Call Center employees are remotely employed, while the majority of executives and decision makers work in Florida at SAE's corporate headquarters. (*Id.*) SAE does not provide flights to or from Ohio or have a physical location in Ohio; accordingly, there is simply no connection between SAE and Ohio other than Plaintiff's address. (*Id.* ¶¶ 7-8.)

The second prong of the Due Process test is whether the cause of action arose from the defendant's actions in the state. Plaintiff does not allege that SAE took any action in Ohio and it did not. The alleged retaliatory action/discrimination by SAE against Plaintiff arose outside Ohio, likely in Florida, the seat of the majority of SAE executives and decision makers.

The third prong of the test turns on whether the exercise of jurisdiction over the defendant would be reasonable based on a substantial connection between the acts of, or consequences caused by, the defendant. This test is directed toward the heart of the due process analysis—should SAE have expected to end up in an Ohio court based on its relationship with Plaintiff? The answer is "no". Nothing about this case arises in Ohio or affects Ohio. A single employee who works remotely from her own residence in Ohio is not enough to satisfy any due process standard. Unilateral activity of a plaintiff who claims some relationship with a nonresident defendant does not satisfy the requirement that the defendant personally avail itself to the forum state. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Further, a defendant's relationship with a plaintiff residing in the forum state is an insufficient basis for jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). More directly, a plaintiff cannot be the only link between the defendant and the forum. *Id.* at 277. There is no connection between SAE's actions and Ohio. None has been alleged, and none exist.

The Complaint fails to satisfy any of the three elements necessary to establish that personal jurisdiction over SAE complies with the Due Process Clause. The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

9

### III. OHIO IS AN IMPROPER VENUE

#### A. *There is no basis for venue here under 28 U.S.C. § 1391.*

Even if this Court were to exercise personal jurisdiction over SAE, it is an improper venue for this case. Venue is proper in the judicial district where (1) the defendant resides, (2) a substantial part of the events at issue occurred, or (3) the court has personal jurisdiction over the defendant. 28 U.S.C. § 1391(b).

Beyond broadly and baldly stating that venue in Ohio is proper (Compl. ¶18), Plaintiff admits that SAE is a Florida business that "conducts business within the state of Ohio" (*id.* ¶ 2). What business SAE conducts in the state of Ohio is neither describe or suggested as SAE does not in actuality conduct business in the state. SAE is a Delaware company conducting business in Florida and, as confirmed by Ohio Secretary of State's records, is not a registered foreign entity doing business in Ohio. Because SAE does not reside in the Southern District of Ohio, the first method for establishing proper venue is not satisfied.

Second, again, the Complaint does not allege that a substantial part of the events related to the cause of action occurred in Ohio. Plaintiff resides and works in the state of Ohio, but the services she provides are on behalf of SAE's corporate headquarters in Florida. All communications and conduct referred to in the Complaint were with individuals located in or acting on the direction of those located in Florida. The only fact that touches Ohio is the location of Plaintiff, which is immaterial. Venue cannot be maintained under the second section of 28 U.S.C. § 1391(b).

And third, the Court does not have personal jurisdiction over SAE for the reasons discussed above. This case must be dismissed because this Court is an improper venue.

#### B. *Alternatively, this case should be transferred to the United States District Court for the Southern District of Florida.*

10

If the Court does not dismiss the case for lack of personal jurisdiction or improper venue, the Court should transfer the case to the United States District Court for the Southern District of Florida under 28 U.S.C. §§ 1404(b), 1406. The Court may transfer the case "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Although preference is given to a plaintiff's venue choice, on a motion to transfer, the Court must consider a "variety of factors, including the convenience of the witnesses, where the operative facts occurred, the location of the documentary evidence, and the possibility of prejudice in either the forum or the transfer state." *West American Ins. Co. v. Potts*, No. 89-6091, 1990 WL 104034, at *2 (6th Cir. 1990).

At the center of this case is whether SAE discriminated and/or retaliated against Plaintiff based on her alleged disability. These purported discriminatory and retaliatory actions took place in Florida. The witnesses able to testify about SAE's actions and Plaintiff's employment will be SAE employees likely located in Florida. Certainly each of the named defendants are all located in Florida. Likewise, any relevant documents would also be kept in Florida. Few, if any, of the facts necessary for Plaintiff to prosecute her claims exist outside Florida. The Court should transfer the case to the Southern District of Florida if it does not dismiss the case.

## **Conclusion**

For these reasons, Defendant SAE asks this Court to dismiss this case for lack of personal jurisdiction and improper venue. SAE should not be subject to Ohio courts merely because it employed a single, remote employee in Ohio. To require SAE to litigate here violates Ohio's long-arm statute, the Due Process Clause, and 28 U.S.C. § 1391.

Respectfully submitted,


*/s/ Pamela S. Krivda*
Pamela S. Krivda (0041133)
pkrivda@taftlaw.com
Rachel Smoot (0092296)
rsmoot@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, OH 43215
Telephone: (614) 221-2838
Facsimile: (614) 221-2007

*Attorneys for Southern Airway Express*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this 5th day of May, 2021 upon the following through the Court's CM/ECF system:

Matthew G. Bruce
Matthew.bruce@spitzlawfirm.com
Evan R. McFarland
Evan.mcfarland@spitzlawfirm.com
THE SPITZ LAW FIRM
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax: (216) 291-5744

                                        */s/ Pamela S. Krivda*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN CARPENTER, ) | CASE NO. 2:21-CV-00568-SSM-CMV |
| ) | |
| Plaintiff, ) | JUDGE SARAH D. MORRISON |
| ) | |
| v. ) | Magistrate Judge Chelsea Vascura |
| ) | |
| SOUTHERN AIRWAYS EXPRESS, ) | |
| ROB MCKINNEY & SUSAN NEFF, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF BRUCE A. JACOBS
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

I, Bruce A. Jacobs, declare as follows:

1. I am an officer and in active management of Southern Airways Express, LLC ("SAE"). My title is Secretary/Treasurer and Chief Integration Officer. I have personal knowledge of the statements in this declaration unless otherwise stated.

2. SAE is a Delaware limited liability company with a principal place of business at 2875 S. Ocean Blvd., Suite 256, Palm Beach, FL 33480.

3. SAE is a scheduled service commuter airline, serving nearly three dozen cities across the United States. It counts the Mid-Atlantic, New England, and Gulf regions of the United States as its largest markets.

4. SAE's corporate headquarters are located in Palm Beach, Florida, as are many of its executives and decision makers.

5. As part of its customer service, operation SAE has a virtual Call Center to take customer calls. Call center employees are responsible for things like processing reservations and

**EXHIBIT A**

changes and handling customer inquiries. All of Plaintiff Carpenter's contacts and interactions with SAE were virtual.

6. While the Call Center is a single department, all Call Center employees are "virtual" employees who work from their own homes across the United States. There is no brick-and-mortar location for the Call Center.

7. SAE does not own, operate, lease, or maintain a physical, brick-and-mortar location in Ohio.

8. SAE does not transact any business in Ohio and does not provide any flights to or from Ohio.

I declare under penalty of perjury that the foregoing statements in this Declaration are true and correct.

Executed this 5th day of May 2021:

_____
Bruce A. Jacobs

JOIN OUR TALENT COMMUNITY

 If you are unable to complete this application due to a disability, contact this employer to ask for an accommodation or an alternative application process.

# Call Center Virtual - Bilingual English with Spanish or Japanese

Part Time
Clerical
REMOTE, Pompano Beach, FL, US

+2 MORE LOCATIONS

30+ days ago
Requisition ID: 1001

**JOB TITLE:** Call Center Virtual Work From Home, Various Shifts, Weekends Mandatory

**DEPARTMENT:** Customer Service

**REPORTS TO:**

**FLSA STATUS:** Non-Exempt

**POSITION SUMMARY:**

Call Center Agents are usually the first contact our customers have with our company. They are responsible for incoming calls to the reservation center, processing reservations and changes in itinerary, making alternative transportation arrangements in coordination with SOC, and resolving problems. This is a virtual position. Must be available weekends.

**JOBS THIS POSITION DIRECTLY SUPERVISES:**

This position does not supervise others.

BACK    APPLY

EXHIBIT B

**KEY RESPONSIBILITIES**

- Answer calls and make reservations
- Handle customer inquiries
- Manage and resolve customer issues
- Provide customers with flight, route and pricing information
- Identify and escalate priority issues

**POSITION REQUIREMENTS**

**Knowledge, Skills & Abilities:**

- Strong interpersonal skills – ability to communicate in a very concise and effective manner with customers and supervisors
- Good listener and able to project a calm, steady demeanor in all interactions
- Stress tolerance and resilience
- Detail-oriented and self-motivated; able to work and meet deadlines under minimal supervision
- Ability to multi-task in an extremely high-paced environment
- Ability to work late evenings, weekends and other hours as required by the Call Center schedule
- Ability to prioritize and execute with a sense of urgency and preciseness
- Ability to work effectively in team environment and individually
- Ability to learn, understand and communicate the terms of the company's Contract of Carriage
- Ability to become proficient in various software and reservation systems used

**Qualifications**

**Education:**

- High School Diploma or GED

**Miscellaneous Requirements:**

- Valid driver's license and reliable Internet service
- Computer, phone skills; accurate data entry and typing skills

BACK    APPLY

- Proficient with Microsoft Office Suite, specifically Outlook, Word and Excel
- Knowledge of customer service principles and practices
- Ability to read, write and speak English effectively
- Ability to work within a 24/7 operation including holidays
- Ability to pass 10-year background check and pre-employment drug screen
- At least 18 years of age
- Authorized to work in the U.S. per the Immigration Act of 1986
- A quiet location, free from interruptions, in which to work; hard-wired internet and modem
- Must speak Spanish of Japanese

**Work Experience:**

- Prefer prior airline reservations system experience
- At least 1 year of call center experience

**Mental Requirements:**

Level 2

Ability to execute sound decision making in a fast-paced environment.

Level 1 – Requires some concentration and normal attention. Generally, once the job is learned, the tasks can be performed more or less automatically.
Level 2 – Requires high periods of concentration intermittently and normal attention. Generally, even once the job is learned, tasks will require normal attention to deal with recurring variables.
Level 3 – Requires a high level of concentration and high level of attention intermittently. Generally, the approach to tasks may be consistent, but the number of steps required and/or the number of variables involved creates the possibility of errors unless the incumbent pays close attention.

**Physical requirements:**

- Must have sufficient vision and ability to safely perform the essential functions of the position

BACK    APPLY

- Must be able to communicate through verbal, written and electronic means
- Must have physical dexterity sufficient to perform repetitive tasks and motions
- Must be able to work extended hours on the phone and computer

**Activity**
**Approximate % of Time**

Sitting or standing at a desk
95
Walking/Standing
5

**Degree of Hand-Eye Coordination Required:**
Computer
Varies

Phone
Varies

Photocopier, fax machine, scanner
Varies

Approximate percentage of time incumbent spends in "on-the-job" travel, including commuting to regular work locations: less than 5%

- 

Shifts available afternoon, evening, overnight Eastern Standard Time, Weekends Manadatory

Copyright © 2021, ADP, Inc. ALL RIGHTS RESERVED

PRIVACY    |    LEGAL    |    REQUIREMENTS

BACK    APPLY